FILED
October 13, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: BW
Deputy

SEALED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

6:26-CR-00215

UNITED STATES OF AMERICA

Plaintiff

v

(1) HEIDI BRADY
(2) RAYMOND AUDIE DAVIS

Defendants

INDICTMENT

[COUNT ONE: 18 U.S.C. 641– Theft of Government Property; 18 U.S.C. 18-2 Aiding and Abetting; COUNT TWO: 18 U.S.C. 1028A – Aggravated Identity Theft; COUNT THREE: 18 U.S.C. 1028A– Aggravated Identity Theft; U.S.C. 18-2 Aiding and Abetting]

THE GRAND JURY CHARGES:

**INTRODUCTION**

At all times relevant to this indictment:

1. The United States Department of Veterans Affairs (hereinafter "VA") managed a disability compensation and pension program offering a monthly tax-free payment to Veterans who got sick or injured while serving in the military and to Veterans whose service made an existing condition worse.

2. Eligible Veterans apply for these benefits. If approved, the benefits were paid to the qualifying Veterans by direct deposit into their bank accounts.

3. Defendant HEIDI BRADY (hereinafter "BRADY") was a VA National Call Center (hereinafter "NCC") employee working in Killeen, Bell County, Texas. In that capacity, BRADY received telephone calls from Veterans seeking information related to all aspects of the VA and

her job was to assist Veterans by answering their questions or referring them to the appropriate entity within the VA to assist them.

4. BRADY's duties granted her access to sensitive personal information related to the Veterans she interacted with which is maintained in a computer system called the Veterans Benefit Management System (hereinafter "VBMS"). In her role as a VBMS user, BRADY has access to Veterans' social security numbers, bank account and routing numbers, address, phone number, Personal Identification Numbers (PIN), military records, service-connected disabilities and Veterans' service-connected disability rating among many other sensitive documents.

5. BRADY interacted with Veterans telephonically who were randomly assigned to her call queue seeking assistance. BRADY assisted the Veterans with their issue by answering their questions or transferring their calls to a more appropriate entity within the VA to assist them.

6. Afterwards, BRADY would contact the NCC posing as the Veterans she previously interacted with and would update their direct deposit information to divert the Veteran's disability payment to a bank account which she controlled.

7. BRADY timed these calls using her knowledge that payment information was sent to the United States Treasury by a certain day each month, ensuring the payment would be released on the first day of the following month to her account, likely going unnoticed by the Veteran until they did not receive their payment.

8. Defendant RAYMOND AUDIE DAVIS (hereinafter "DAVIS") was BRADY's neighbor in Killeen, Bell County, Texas. DAVIS would, on occasion, using the personal identifying and security information of Veterans provided to him by BRADY, would call the NCC posing as that Veteran and change the direct deposit information from the Veteran's account to an account controlled by BRADY.

**<u>COUNT ONE</u>**
**[18 U.S.C. 641 and 2]**

The "Introduction" paragraphs set out earlier in this Indictment are realleged herein as if fully set forth.

From on or about March 19, 2025, and continuing uninterrupted until on or about November 17, 2025, the exact dates unknown to the Grand Jury, in the Western District of Texas, Defendant,

**HEIDI BRADY**
and
**RAYMOND AUDIE DAVIS,**

aided and abetted by each other, did steal and knowingly convert to Defendant's use and to the use of another, money and a thing of value of the United States Department of Veterans Affairs, a department and agency of the United States, to-wit: approximately $61,034 in disability compensation and pension benefits, and the value of such property in the aggregate amount exceeds $1,000, in violation of Title 18, United States Code, Sections 2 and 641.

**<u>COUNT TWO</u>**
**[18 U.S.C. 1028A]**

The "Introduction" paragraphs set out earlier in this Indictment are realleged herein as if fully set forth.

From on or about July 17, 2025, and continuing uninterrupted until on or about August 1, 2025, in the Western District of Texas, Defendant,

**HEIDI BRADY,**

did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Title 18, United

States Code, Section 641, *Theft of Public Money or Property*, as alleged in Count One of this Indictment, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1) and (b).

**<u>COUNT THREE</u>**
**[18 U.S.C. 1028A and 2]**

The "Introduction" paragraphs set out earlier in this Indictment are realleged herein as if fully set forth.

From on or about July 17, 2025, and continuing uninterrupted until on or about August 1, 2025, in the Western District of Texas, Defendant,

**RAYMOND AUDIE DAVIS,**

aided and abetted by another, did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Title 18, United States Code, Section 641, *Theft of Public Money or Property*, as alleged in Count One of this Indictment, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Sections 2 and 1028A(a)(1) and (b).

[redacted]
FOREPERSON

JUSTIN R. SIMMONS
United States Attorney

By: MARK L. FRAZIER
Assistant United States Attorney